USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK VALENTIN,

Plaintiff,

-against-

TARRYTOWN POLICE DEPT, et al.,

Defendants.

7:26-CV-5158 (NSR)

**ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mark Valentin, of Nyack, New York, brings this action *pro se*, asserting claims of federal constitutional violations and seeking damages. Named as Defendants are: (1) the Tarrytown Police Department ("TPD"); (2) unidentified Police Officer "Badge #29"; and (3) unidentified Police Officer "Badge # N/A." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.[1]

By order dated June 22, 2026, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.[2] For the reasons discussed below, the Court drops the TPD as a Defendant in this action, and adds the Village of Tarrytown ("VOT") as a Defendant in this action, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court directs service on the VOT. The Court also directs the Tarrytown Village Attorney to the provide to Plaintiff and to the Court the identifies, badge numbers, and service addresses of the unidentified Defendants.

---

[1] Plaintiff has filed an application for the court to request *pro bono* counsel. (ECF 4.)

[2] Plaintiff has revealed the full names of his minor children in his IFP application. In an abundance of caution, the Court has directed the Clerk of Court to restrict electronic public access to that document. *See* Fed. R. Civ, P. 5.2(a)(3) (court submissions may only refer to minors' names using their names' initials).

## DISCUSSION

### A. The Tarrytown Police Department

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, 7:25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Courts have added, under Rule 21, a municipality as a defendant in an action, though that municipality is not named as a defendant in the complaint, because it was clear that the plaintiff intended to name the municipality as a defendant but mistakenly did not do so.[3] *See, e.g.*, *Glover v. N.Y.C. Dep't of Corrs.*, 7:25-CV-1174 (KMK), 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025).

In naming the TPD as a Defendant in this action, it is clear that Plaintiff intended to name the VOT—the proper defendant for such a claim—as a Defendant in this action. Accordingly, under Rule 21, the Court drops the TPD as a Defendant in this action and adds the VOT as a Defendant in this action. The Court's adding of the VOT as a Defendant in this action is without prejudice to any defenses that the VOT may raise in this action.

[3] Generally, "[u]nder New York law, agencies which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted as defendants municipalities for their agencies. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 7:20-CV-2050 (PMH), 2020 WL 3618410, at *2-3 (S.D.N.Y. July 1, 2020).

### B. Service on the VOT

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the VOT, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for the VOT. The Clerk of Court is further instructed to issue a summons for the VOT and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on the VOT.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

### C. Unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from a federal district court in identifying an unidentified defendant and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the TPD to identify the unidentified Defendants. They are: (1) the TPD officer assigned badge number 29 on February 26, 2026; and (2) any other member of the TPD who was present, on February 26, 2026,

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on the VOT until the Court reviewed the complaint and ordered that a summons for the VOT be issued. The Court therefore extends the time to serve the VOT until 90 days after the date that the summons for the VOT is issued. If a summons and the complaint are not served on the VOT within 90 days from the date that a summons for the VOT is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

when Plaintiff was ordered by members of the TPD to pull over his vehicle on Benedict Avenue, in Tarrytown, New York; this includes any member of the TPD who was present or assisted with Plaintiff's arrest by members of the TPD on that date. It is therefore ordered that the Tarrytown Village Attorney, who is the attorney for and agent of the TPD and the VOT, must ascertain the identities, badge numbers, and services addresses of the unidentified Defendants. The Tarrytown Village Attorney must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as Defendants and providing their badge numbers and service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified Defendants.

**D. City Bar Justice Center**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil actions filed in this court.[5] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if he has questions about the form, he may call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

[5] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court also directs the Clerk of Court to drop the Tarrytown Police Department as a Defendant in this action and add the Village of Tarrytown as a Defendant in this action. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to: (1) issue a summons for the Village of Tarrytown; (2) complete a USM-285 form with the service address of the Village of Tarrytown; and (3) deliver all documents necessary to effect service of a summons and the complaint on the Village of Tarrytown to the United States Marshals Service.

The Court additionally directs the Clerk of Court to mail a copy of this order and of the complaint to the following address: Village Attorney, Town of Tarrytown, One Depot Plaza, Tarrytown, New York 10591-3199.

An amended complaint form and a CBJC flyer are attached to this order.

The Court will not rule on Plaintiff's application for the court to request *pro bono* counsel (ECF 4) until after Plaintiff files an amended complaint, as specified in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: August 20, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

The Village of Tarrytown
One Depot Plaza
Tarrytown, New York 10591-3199

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____________________________________________

_____________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

_____________________________________________

_____________________________________________

_____________________________________________

_____________________________________________

Write the full name of each defendant. If you need more space, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

____________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________ ______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "SDNY" and then click "APPLY FOR HELP" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)